IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| REBECCA DEDMAN, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 3:15-cv-00266-JJV |
| CAROLYN W. COLVIN, | * |
| Acting Commissioner, Social Security | * |
| Administration, | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, Rebecca Dedman, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability benefits. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for a review, making the ALJ's decision the final decision of the Commissioner.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence

In support of her Complaint, Plaintiff argues the ALJ incorrectly determined she had the residual functional capacity to perform her past relevant work as a cashier.  (Pl.'s Br. 10-13.) Plaintiff is particularly concerned with the mental requirements of the job.  (*Id.*)

Plaintiff bore the burden of proving disability, *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996), and she has not met this burden.  Plaintiff's medical records are extremely limited. Suzanne Gibbard, Ph.D., completed a Mental Status and Evaluation of Adaptive Functioning.  She diagnosed Plaintiff on Axis I with Depressive Disorder NOS, Anxiety Disorder NOS, and Bereavement. (Tr. 347.)  Dr. Gibbard noted Mrs. Dedman had adequate communication skills, the capacity to cope with the mental cognitive demands of work, and no noted problems with the ability to sustain concentration.  (*Id.*)

Plaintiff focuses on Dr. Gibbard findings that, "She may have problems with the capacity to sustain completion of tasks and completing them in a timely manner because of her volatile mood and anxiety around others." (*Id.*)  Ms. Dedman says the ALJ failed to include this limitation in his residual functional capacity assessment and, based on this limitation, she would be unable to perform her past work as a cashier.  After review of the record on this point, I find the ALJ's assessment adequately considered this limitation. (Tr. 119.) The ALJ's limitations fairly capture the limitations included in Dr. Gibbard's report.  Additionally, as the ALJ noted, Ms. Dedman was working as a cashier on a part-time basis and only stopped her full-time cashier work when the business closed. (Tr. 120.)

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The objective medical records fail to support Plaintiff's claim.

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this 12th day of February, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE